United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40073
Conference Calendar

TOMAS FRANCO CRUZ,

Plaintiff-Appellant,

versus

LINDA CHRISTIANSEN HOPPER,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CV-153
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Tomas Franco Cruz, Texas prisoner # 845093, challenges

the 28 U.S.C. § 1915(e)(2)(B) dismissal for failure to state a

claim of his 42 U.S.C. § 1983 lawsuit against Linda Christiansen

Hopper, who served as his appointed counsel in a criminal matter.

If his brief is liberally construed, Cruz contends that the

district court erred in dismissing his case.  This court reviews

the district court's dismissal <u>de</u> <u>novo</u>.  <u>See</u> <u>Berry v. Brady</u>,

192 F.3d 504, 507 (5th Cir. 1999).  The dismissal will be upheld

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

only if, taking the plaintiff's allegations as true, it appears that no relief could be granted on the plaintiff's alleged facts. See Bass v. Parkwood Hosp., 180 F.3d 234, 240 (5th Cir. 1999).

Cruz renews his claims that Hopper provided him with ineffective assistance at his criminal trial and on appeal. He contends that Hopper was a state actor for purposes of 42 U.S.C. § 1983 because she was simultaneously serving as a municipal judge.

To state a claim against Hopper under 42 U.S.C. § 1983, Cruz must show that Hopper violated his constitutional rights while acting under color of state law. See Manax v. McNamara, 842 F.2d 808, 812 (5th Cir. 1988). A non-governmental private defendant can be held liable under 42 U.S.C. § 1983 if the defendant's conduct involved "state action." Daniel v. Ferguson, 839 F.2d 1124, 1129 (5th Cir. 1988). Cruz has not shown any state action on Hopper's part; that she may have been a municipal judge is irrelevant given that Cruz does not sue her in that capacity, citing her actions taken as a private attorney only. Thus, as the district court determined, the suit fails to state a cognizable claim under 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); see also Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

Cruz's appeal is wholly without merit, is frivolous, and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's

dismissal of his complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does this court's dismissal of the instant appeal.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Cruz is CAUTIONED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.