United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2005**

Charles R. Fulbruge III
Clerk

In the United States Court of Appeals
For the Fifth Circuit

_____

No. 05-30511
_____

CHARTER SCHOOL OF PINE GROVE, INC.,

Plaintiff-Appellee

v.

ST HELENA PARISH SCHOOL BOARD,

Defendant-Appellant

_____

CHARTER SCHOOL OF PINE GROVE, INC.,

Plaintiff-Appellee

v.

ST HELENA PARISH SCHOOL BOARD,

Defendant-Appellant

--------------------------
Appeals from the United States District Court for the
Middle District of Louisiana, Baton Rouge
--------------------------

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:

Charter School of Pine Grove, Inc. requests that we dismiss the St. Helena Parish School Board's appeal of a district court's remand order returning a lawsuit filed by the Charter School to Louisiana state court. Because we are persuaded that the School Board failed to plead facts in its notice of removal implicating the jurisdiction of the federal courts under 28 U.S.C. § 1443, we

dismiss the appeal.

The facts are straightforward. The Charter School sued the School Board in Louisiana state court alleging that the Board violated state law when it voted to rescind its prior approval of a contract allowing the Charter School to operate as a Type I Charter School under Louisiana law.[1] The School Board removed the suit to the Federal District Court for the Middle District of Louisiana on grounds that the court had original jurisdiction under 28 U.S.C. §§ 1651, 1367, and 1331. The Board alleged that it was a defendant in an ongoing desegregation case over which the district court had jurisdiction. The Board claimed that the Charter School's lawsuit raised questions regarding the Board's compliance with various orders and a consent decree entered in the desegregation case, giving rise to federal jurisdiction.

Following removal, the Charter School moved to remand to state court. The federal district court granted this motion, noting that it "fail[e]d to discern any federal question on the face of the state court petition."[2] The School Board appealed, urging for the first time that the Charter School's lawsuit was removable under § 1443. The Charter School filed a motion to dismiss.

We may not review "decisions to remand when based on a perceived lack of subject matter jurisdiction, even if the district

---

[1] *See* LA. REV. STAT. ANN. § 17:3971 et seq. (West 2001).

[2] *Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.*, No. 05-182-D (M.D. La. Apr. 18, 2005) (order granting motion to remand).

court erroneously believes it lacks jurisdiction."[3] However, we may review an order to remand based on lack of subject matter jurisdiction when the case remanded was removed pursuant to 28 U.S.C. § 1443.[4] Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> * * * * * *
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.[5]

The Supreme Court has held that § 1443 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."[6] In addition, we have observed that § 1443 "allows state officials to remove civil rights actions against them to federal court when they demonstrate . . . a colorable conflict between state and federal law leading to [their] refusal to follow plaintiff's interpretation of state law because of a good faith belief that to do so would

---

[3] *In re Bissonnet Invs. L.L.C.*, 320 F.3d 520, 524 (5th Cir. 2003) (citing 28 U.S.C. § 1447(d)).

[4] 28 U.S.C. § 1447(d).

[5] 28 U.S.C. § 1443.

[6] *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).

3

violate federal law."[7]

As an initial matter, we must determine whether we may consider the School Board's argument that removal was proper under § 1443. Ordinarily, arguments not raised in the district court cannot be asserted for the first time on appeal.[8] "However, an argument is not waived on appeal if the argument on the issue before the district court was sufficient to permit the district court to rule on it."[9] We have held that the "[r]ules of notice pleading apply with as much vigor to petitions for removal as they do to other pleadings."[10] Thus, the School Board's notice of removal was sufficient to raise § 1443 as a ground for removal if it provided the district court with facts from which removal jurisdiction under this section could be determined.[11]

In its notice of removal, the School Board alleged that the Charter School's lawsuit raised "issues and questions concerning the meaning, interpretation and application" of orders entered in

---

[7] *Alonzo v. City of Corpus Christi*, 68 F.3d 944, 946 (5th Cir. 1995) (quoting *White v. Wellington*, 627 F.2d 582, 587 (2d Cir. 1980)) (quotation omitted).

[8] *See In re Liljeberg Enters., Inc.*, 304 F.3d 410, 427 n.29 (5th Cir. 2003).

[9] *Id.*

[10] *Brown v. City of Meridian*, 356 F.2d 602, 606 (5th Cir. 1966); *see Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962) ("The absence of detailed grounds setting forth the basis for removal is not fatal to defendant's right to remove.").

[11] *See* 14C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3733 (3d ed. 1998) (noting that a notice of removal "should be sufficient if the court is provided the *facts* from which removal jurisdiction can be determined" (emphasis added)).

the desegregation case. The Board noted that the court had entered a consent decree allowing it to operate a Type I Charter School subject to the restrictions contained in the desegregation orders. The Board asserted that it voted to rescind the Charter School's contract in response to a dispute between the parties involving the Board's compliance with the consent order, and the Board's concerns that operation of the Charter School would obstruct efforts to comply with the desegregation orders. In short, the Board claims that it rescinded the contract because the Charter School's operations would have placed the Board in conflict with its obligation to abide by the desegregation orders.

In *Bohlander v. ISD Number One of Tulsa County*,[12] the Tenth Circuit held that a suit brought by patrons of a school district seeking to enjoin the implementation of a federally approved plan to eliminate racial discrimination and segregation in Tulsa County schools was properly removed by the school district under § 1443. The court found that the school district was acting under color of law to carry out a federally designed and approved desegregation plan, and that the lawsuit seeking to enjoin the district's activities fit squarely within the confines of § 1443. Thus, *Bohlander* supports the proposition that a direct attack upon a school board's implementation of a desegregation plan creates federal subject matter jurisdiction under § 1443.

---

[12] 420 F.2d 693 (10th Cir. 1969).

Here, the Charter School's lawsuit is not a direct attack on the desegregation orders or the consent decree. Rather, the suit alleges only that the School Board acted contrary to state law when it voted to rescind its contract with the Charter School. A analogous set of facts were addressed by the Seventh Circuit in *County Collector of Winnebago County v. O'Brien*.[13] In *O'Brien*, the court held that a school district could not employ § 1443 to remove a lawsuit objecting to taxes that it had levied. The school district claimed that the taxes were levied as a result of a consent decree reached in a federal desegregation lawsuit that required the school to fund remedial programs. The district further opined that the lawsuit would directly interfere with its obligation under the consent decree as it would dry up its source for funds necessary to implement the remedial programs.

The court held that removal was not proper under § 1443. The court noted that the district was not explicitly ordered to take the actions for which it was sued--namely, levying taxes. The court then observed:

> Of course, a court does not often spell out, in minute detail, each step that a party needs to follow to satisfy the court's order. In addition to having a duty to follow the specific directives of the court, a party may fairly be said to have an ancillary "duty" to take those actions that are *necessary* to comply with the explicit commands of the court. Thus, a defendant sued for acts explicitly mandated or necessarily required by court-ordered school desegregation plans can remove under the color of authority clause. But where the plaintiff complains of

_____

[13] 96 F.3d 890 (7th Cir. 1996).

6

actions that were collateral to, rather than necessary concomitants of, the defendant's specific obligations under a court order, the defendant cannot claim that it was sued for affirmatively executing court-ordered duties and remove under § 1443(2).[14]

The defendant bears the burden of establishing its right to removal under § 1443.[15] Thus, it falls to the School Board to identify an explicit or ancillary court-ordered duty to rescind the Charter School's contract. The pleadings in this case reveal no such duty. Rather, they indicate only in conclusory fashion that the contract termination was undertaken as a means by which the School Board could eliminate interference or obstruction with its obligations under the desegregation orders. This language is insufficient to assert a factual basis for § 1443 removal. Accordingly, the Charter School's motion to dismiss the appeal is

GRANTED.

---

[14] *Id.* at 898 (citations and footnotes omitted).

[15] *See Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982).