United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-30182
Summary Calendar

_____

NICOLAS ESTIVERNE,

Plaintiff - Appellant,

versus

TIMES-PICAYUNE LLC; KEITH O'BRIEN; SUSAN FINCH;
UNIDENTIFIED PARTIES; CHARLES PLATTSMIER, In
His Individual Capacity and as Chief Disciplinary
Counsel for the Louisiana Attorney Disciplinary
Board and His Insurer (unknown),

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-2227

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nicolas Estiverne appeals the district court's dismissal of his suit for lack of subject-matter jurisdiction. This case arose after The Times-Picayune published a front-page story on May 31, 2005, headlined "Ex-lawyer accused of bilking ill senior citizen," that described criminal allegations against Estiverne. Estiverne avers that he was told by the newspaper's reporters that Charles Plattsmier, the Chief Disciplinary Counsel for the Louisiana

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Attorney Discipline Board, gave them sealed files concerning Estiverne's 2000 resignation from the Louisiana state bar. Estiverne claimed that the resulting article defamed him and violated his right to privacy, and that the defendants conspired to violate his Fourteenth Amendment rights. The only argument Estiverne appears to offer on appeal, however, is that the district court erred in failing to address alleged racial discrimination by Plattsmier. Estiverne contends that Plattsmier's racial prejudice was the underlying motive for the defamation and invasion of privacy he is alleged to have suffered. As is made clear in the opinion of the district court, however, Estiverne's claim under 42 U.S.C. § 1983 must allege both the deprivation of "a right or interest secured by the Constitution and laws of the United States ... [and] that the deprivation occurred under color of state law." Doe v. Rains County Indep. School Dist., 66 F.3d 1402, 1406 (5th Cir. 1995) (citations omitted). Reputational injury "is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law," Paul v. Davis, 424 U.S. 693, 712 (1976), unless "the injury is combined with the impairment of some more tangible government benefit." Siegert v. Gilley, 500 U.S. 226, 240 (1991). Estiverne has not alleged a violation of any right guaranteed by federal law because damage to his reputation is the only injury Estiverne alleges in his complaint. It is of no moment to this analysis that Estiverne believes that racial animus motivated Plattsmier's actions. Due to the lack of diverse

2

parties, Estiverne's defamation and invasion of privacy claims are only actionable under state law.  Estiverne has not previously asserted an equal protection claim and may not do so for the first time on appeal. <u>See</u> <u>Charter School of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.</u>, 417 F.3d 444, 447 (5th Cir. 2005).

After careful review of the record and briefs, the thorough and well-reasoned judgment of the district court is

AFFIRMED.