**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-41501
Summary Calendar
_____

UNAUTHORIZED PRACTICE OF LAW COMMITTEE,

                    Plaintiff - Appellee,

v.

ELIJAH W. RATCLIFF,

                    Defendant - Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas, Lufkin Division
USDC No. 9:06-CV-171
---------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellee, Unauthorized Practice of Law Committee ("UPLC"), filed suit in Texas state court pursuant to Texas Government Code § 81.101, alleging that Appellant, Elijah Ratcliff, has engaged in a pattern of conduct constituting the unauthorized practice of law. Ratcliff sought removal to the United States District court for the Eastern District of Texas. The district court determined there had been no showing of federal jurisdiction and therefore ordered the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case to be remanded back to the state court. Ratcliff appeals the order to remand.

In its ruling, the district court determined that Ratcliff had not established diverse citizenship of the parties, nor had he established the requisite amount in controversy. In addition, the district court noted, "[t]he pleadings in this case . . . do not reveal any federal law conferring jurisdiction upon this Court to consider the asserted claims. [UPLC] seeks relief exclusively pursuant to a State law and no counterclaim has been filed."

We do not have jurisdiction to review an order to remand based on a lack of subject matter jurisdiction unless the case was removed under the civil rights statute 28 U.S.C. § 1443. *Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.*, 417 F.3d 444, 446 (5th Cir. 2005); 28 U.S.C. § 1447(d). Ratcliff has not made the requisite showing that this case was properly removed pursuant to § 1443. *See Johnson v. Mississippi*, 421 U.S. 213, 219-220 (1975) (discussing the two-prong test under § 1443(1)); *see also City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966) (determining § 1443(2) gives a privilege of removal only to federal officers and agents).

Therefore, pursuant to § 1447(d), we lack jurisdiction to review the order to remand.

The appeal is DISMISSED for want of jurisdiction.