# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2010

No. 09-30826
Summary Calendar

Charles R. Fulbruge III
Clerk

BRETT CHISESI

Plaintiff-Appellant

v.

AUTO CLUB FAMILY INSURANCE COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-3707

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Brett Chisesi appeals the dismissal of his claims for repeated violation of the district court's discovery orders. We affirm and impose sanctions against the appellant.

## I. BACKGROUND

In August 2007, Chisesi filed this case asserting claims against his insurer under his homeowner's policy arising out of Hurricane Katrina. The case was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removed to federal court. During discovery, the plaintiff failed to comply with the defendant's document requests. After several months, the defendant sought an order to compel discovery, which the district court granted in May 2009. Chisesi failed to comply with that order. In response, the defendant filed a motion for sanctions, contempt, attorney's fees, and costs. The magistrate judge held a hearing on that motion in mid-June, issued a second discovery order, and instructed Chisesi and his counsel to comply immediately with the order. The court specifically warned them that failure to comply would result in dismissal of the case. In addition, the court imposed a sanction of $300. At this hearing, Chisesi conceded that the fault for the delay in compliance was his and that he had not obtained all of the requested documents. In response to a question by the magistrate judge, he stated that he understood his obligations.

In July 2007, after Chisesi failed to turn over any of the requested documents or pay the sanction, the defendant renewed its earlier contempt motion. At a late-July hearing on this motion (three weeks before the scheduled pre-trial conference and five weeks before trial), Chisesi's attorney stated that his client had not turned over any of the requested documents to him. Chisesi told the court that he was unsure of his obligations due to poor communication with his attorney and his lack of understanding of the legal system. He admitted that he had not gathered or turned over the requested documents. The magistrate judge observed that, in his years of service, he had never "had anyone disregard my orders like you did in this case."

The magistrate judge filed a report recommending that the case be dismissed with prejudice for failure to participate in discovery and violation of the court's orders. Chisesi objected, blaming his counsel for his non-compliance. The district court rejected this contention on the grounds that it was clearly contradicted by Chisesi's own actions and statements at the two hearings. The court adopted the magistrate's report and recommendations and, pursuant to

No. 09-30826

Fed. R. Civ. P. 37(b)(2)(A) (sanctions for failure to obey a discovery order), dismissed Chisesi's case with prejudice.

## II. DISCUSSION

We review dismissal under Rule 37(b)(2) for abuse of discretion. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). Dismissal for violation of a discovery order is justified when (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation of the discovery order is attributable to the party instead of the attorney; (3) the violation substantially prejudices the opposing party; and (4) no lesser sanction would substantially achieve the desired deterrent affect. *Id*. at 1380–81. We address each element in turn.

First, willfulness is demonstrated by Chisesi's failure to comply with the court's discovery order even after he was personally instructed to do so by the magistrate judge and stated that he understood what was required of him. That there was delay and contumacious conduct is apparent from the record. Second, Chisesi conceded at least twice that he, not his attorney, was at fault for the violations of the court's discovery orders. Third, the defendant was undoubtedly prejudiced. It was denied any discovery for months, was prejudiced in its ability to prepare for trial, and was forced to spend time and money attempting to coerce discovery. Fourth and finally, lesser sanctions in fact proved ineffective. Accordingly, dismissal was not an abuse of the district court's discretion.

Finally, we consider the appellee's motion for sanctions pursuant Fed. R. App. P. 38. *See also* 28 U.S.C. § 1912 (authorizing damages and costs on affirmance). That rule authorizes this court to award damages and costs to an appellee where an appeal is frivolous. The party to be sanctioned must have notice and an opportunity to respond. The defendant-appellee moved for sanctions, putting Chisesi on notice. Chisesi, given the opportunity, declined to respond.

3

No. 09-30826

Our review of the record satisfies us that this appeal is wholly without merit. The law is clear that willful violation of a district court's discovery orders give that court discretion to impose sanctions, including dismissal. Not only does the appellant fail to fairly address the substance of the district court's findings, but his briefing before this court demonstrates a pointed disrespect for "the limited resources of the judicial system." *Stearman v. Comm'r*, 436 F.3d 533, 540 (5th Cir. 2006). Wild accusations that a routine insurance dispute is motivated by nefarious corporate motives and extended, irrelevant discussion of etymology and Chaucer have no place in a brief to this court. We find that this appeal is both frivolous and vexatious and therefore impose sanctions in the amount of $2,500.

## III. CONCLUSION

We affirm the district court's dismissal of Chisesi's claims and impose $2,500 in sanctions against Chisesi for pursuing this frivolous appeal.