**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2013

No. 12-30617

Lyle W. Cayce
Clerk

BELVA WEBB; FAITH WEBB,

Plaintiffs – Appellants

v.

JOSEPH P. MORELLA,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Louisiana
Case No. 6:10-cv-01557

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellants Belva and Faith Webb appeal the dismissal of their federal civil rights claims and the district court's imposition of Rule 11 sanctions against them. In addition to opposing the Webbs' appeal, Appellee Joseph Morella moves for sanctions pursuant to Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1912, and 28 U.S.C. § 1927. For the reasons set forth below, we AFFIRM the district court's dismissal of the Webbs' federal claims against Morella and GRANT Morella's motion for sanctions on appeal. We lack

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction to consider the district court's award of Rule 11 sanctions because the district court has yet to reduce the award to a sum certain and therefore DISMISS that portion of the appeal.

## I

The Webbs' complaint alleges the following facts, which, although denied by Morella, we must take as true for purposes of reviewing the district court's dismissal of their claims. *See Highland Capital Mgmt., L.P. v. Bank of Am. Nat'l Ass'n*, 698 F.3d 202, 205 (5th Cir. 2012).

At some time prior to October 19, 2009, the Webbs purchased a piece of real property located at 619 Kentucky Street in Patterson, Louisiana (the "Property"). Morella acted as the closing attorney on the transaction. The Webbs later agreed to sell the Property to Patrick LaSalle, with Morella again acting as closing attorney. Pursuant to the purchase agreement, LaSalle paid the Webbs a $1,000 deposit in advance of closing. At some point thereafter, Morella contacted the Webbs and informed them that there was a lien on the Property and that, due to the lien, LaSalle no longer wished to proceed with the transaction. Morella instructed the Webbs to return the $1,000 to LaSalle. When the Webbs attempted to return the money to LaSalle, however, he told them to give the money to Morella. The Webbs then went to Morella's law office to deliver the $1,000. Because Morella was the closing attorney for the transaction in which the Webbs had originally purchased the Property, the Webbs asked Morella how a lien came to exist on the Property. In response, Morella verbally assaulted the Webbs with racial slurs and then physically threatened them as they attempted to leave his office. In addition to being a private attorney, Morella is also a part-time town court judge.

## II

The Webbs filed suit against Morella on October 12, 2010 in the United States District Court for the Western District of Louisiana, alleging a variety of

No. 12-30617

state-law claims as well as federal due process and equal protection claims pursuant to 42 U.S.C. § 1983.  With respect to the § 1983 actions, the complaint states that although the confrontation with the Webbs "took place in Judge Morella's private law office, his actions took place under the color of law" because "as a town court judge [Morella] acts on and off the bench under the color of law such as to give rise to claims under 42 U.S.C. § 1983 and related jurisprudence."

Morella moved to the dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, inter alia, that even accepting the Webbs' version of events, he could not be liable under § 1983 because he did not act under color of state law.  Morella also moved for Rule 11 sanctions on the ground that the Webbs had filed the complaint solely to harass him.  The Webbs' briefs responding to Morella's motions failed to comply with the district court's local rules.  Because the Webbs did not cure the deficiencies in their briefing, the district court granted Morella's motions as unopposed.  The Webbs appealed and a panel of this court vacated the district court's orders, holding that dismissal with prejudice was not appropriate because the Webbs had not engaged in contumacious conduct or extreme delay and that Rule 11 sanctions should not have been awarded solely on the ground that the Webbs' failed to respond to the sanctions motion.  *See Webb v. Morella*, 457 F. App'x 448, 454 & n.5 (5th Cir. 2012).

On remand, Morella moved for a hearing on his motion to dismiss and his motion for sanctions.  On April 19, 2012, the district court held a hearing on both motions and questioned the Webbs' counsel on how Morella could have been acting under color of state law, given the allegations in the Webbs' complaint.  Counsel for the Webbs conceded that the alleged altercation occurred in Morella's private law office and that the Webbs did not allege that the city, parish, or state paid for the office or that Morella was wearing a judge's robe at the time of the alleged incident.  The only argument the Webbs' counsel offered

No. 12-30617

in support of § 1983 liability was the assertion that Morella acts at all times under color of state law because he is a part-time municipal court judge. The district court rejected that argument and found that the Webbs had failed to state a claim under § 1983. The court dismissed the Webbs' federal claims with prejudice and declined to assert supplemental jurisdiction over the Webbs' state law claims.[1] The district court also granted Morella's motion for Rule 11 sanctions, awarding him attorneys' fees at the rate of $200 per hour for preparation and argument of the motion to dismiss the § 1983 claims. The court directed Morella to file an itemized summary of fees and expenses for the court's approval. Morella did so by way of a motion for attorneys' fees on May 9, 2012. The court initially set an oral argument date of November 15, 2012 for the motion, but later cancelled the hearing. To date, the district court has not acted on Morella's May 9, 2012 motion.

### III

The Webbs appeal the dismissal of their § 1983 claims for failure to state a claim and the district court's imposition of Rule 11 sanctions against them.

### A

"A district court's grant of a motion to dismiss is reviewed de novo, using the same standard as the district court." *Davis v. Tarrant Cnty.*, 565 F.3d 214, 217 (5th Cir. 2009). "Under the Rule 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid

---

[1] The Webbs complain that the district court ruled from the bench and did not issue a formal written opinion. The Federal Rules of Civil Procedure, however, do not require that a district court provide a written memorandum explaining its reasons for a Rule 12 dismissal. FED. R. CIV. P. 52(a)(3). Moreover, contrary to the Webbs' claim, the district court's failure to provide written reasons for its ruling did not hinder their ability "to argue and cite authorities in support of their claims and defenses" on appeal. At the hearing on Morella's motion to dismiss, the court made clear that it was granting Morella's Rule 12(b)(6) motion because Morella was not acting under color of state law when the alleged incident took place.

claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). "To state a claim under § 1983, a plaintiff must allege facts tending to show that the defendant has acted under color of state law." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (internal quotation marks omitted); *see also S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) ("In the context of a 12(b)(6) motion in a section 1983 suit, the focus should be whether the complaint properly sets forth a claim of a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States caused by persons acting under color of state law." (internal quotation marks omitted)). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Richard*, 355 F.3d at 352 (internal alterations omitted) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

On appeal, the Webbs, without citing a single case discussing § 1983, repeat the argument they made to the district court: that because Morella is a part-time municipal court judge, his every action, on or off the bench, falls within the purview of § 1983.[2] "Private acts, however, are not considered to be

---

[2] As an alternative argument, the Webbs assert, again without citing any authority, that § 1983 liability arises "not only when a person acts under the color of law, but also when he acts under 'custom' or 'usage' within any state of the union." Acting pursuant to custom or usage, however, is not an alternative to the color-of-state-law requirement of § 1983, but is rather a specific means of meeting that requirement. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984) ("Section 1983 itself uses 'custom' and 'usage' in describing the aegis of state law under which a person must have acted to be subject to § 1983 liability."). The Webbs assertion that conduct under color of state law is not a required element of a § 1983 claim is contradicted by clearly established case law. *See, e.g., Richard*, 355 F.3d at 352; *Morris v. Dearborne*, 181 F.3d 657, 666 n.6 (5th Cir. 1999) ("Liability under § 1983 also requires a showing that the alleged deprivation of a constitutional right was committed by a person acting under color of state law."); *Jackson v. Louisiana*, 980 F.2d 1009, 1010 (5th Cir. 1993)

No. 12-30617

done under color of state law merely because the actor is a public official." *Manax v. McNamara*, 842 F.2d 808, 812 (5th Cir. 1988) (internal quotation marks omitted). Rather, it is well established that "the act of one who is a state officer, not taken by virtue of or clothed with his state authority, will not be considered as done under color of state law simply because the individual, although pursuing private aims, happens to be a state officer." *Brown v. Miller*, 631 F.2d 408, 411 (5th Cir. 1980); *see also Washington v. Atoms Energy Corp.*, No. 07-50296, 2007 WL 2493492, at *1 (5th Cir. Sept. 4, 2007) (holding that judge did not act under color of state law in filing criminal complaint as private individual); *Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003) ("Cruz has not shown any state action on Hopper's part; that she may have been a municipal judge is irrelevant given that Cruz does not sue her in that capacity, citing her actions as a private attorney only. Thus, as the district court determined, the suit fails to state a cognizable claim under 42 U.S.C. § 1983."); *Tierney v. Vahle*, 304 F.3d 734, 741–42 (7th Cir. 2002) (holding that judge did not act under color of state law by sending personal letter on judicial letterhead). The Webbs do not dispute that Morella's alleged conduct occurred solely in his capacity as a private attorney. Accordingly, we AFFIRM the district court's dismissal of the Webbs' § 1983 actions for failure to state a claim on which relief can be granted.

**B**

The Webbs raise a number of issues relating to the district court's decision to impose sanctions. While the court granted Morella's Rule 11 motion and stated that it would award $200 per hour in attorneys' fees for work relating to the motion to dismiss, the court also required Morella to filed an itemized summary of fees and expenses "for the court's approval." Morella has filed the

---

("A claim under section 1983 requires: first, the conduct complained of must have been committed by a person acting under color of state law." (internal alterations and quotation marks omitted)).

required summary, but the court has yet to approve or disapprove the charges listed therein. An award of attorneys' fees or costs that does not "reduce the sanctions to a sum certain" is not an appealable final decision and therefore cannot be reviewed by this court. *S. Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 131 (5th Cir. 1993). Because the district court has yet to reduce its award of attorneys' fees to a sum certain, we lack jurisdiction to review its decision to impose sanctions. *Id.* We therefore DISMISS that portion of the Webbs' appeal.

## IV

Morella moves this court for sanctions on appeal pursuant to Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1912, and 28 U.S.C. § 1927. The Webbs did not file a brief in response to Morella's motion and do not discuss the motion in their reply brief on the merits. Under Rule 38, we may award "just damages and single or double costs to the appellee" if we determine that an appeal is frivolous. FED. R. APP. P. 38. "An appeal is frivolous [for purposes of Rule 38] if the result is obvious or the arguments of error are wholly without merit." *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010) (internal quotation marks omitted). "Rule 38 empowers a court to sanction a party, an attorney for a party, or both." 16AA CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3984.1 (4th ed.); *see also Macklin v. City of New Orleans*, 300 F.3d 552, 554 (5th Cir. 2002); *Coghlan v. Starkey*, 852 F.2d 806, 818 (5th Cir. 1988).

As Morella points out, the Webbs' appellate briefing generally ignores the instant case and instead focuses on a separate lawsuit the Webbs have filed against him and a host of municipal agencies and officials alleging a conspiracy to fabricate Belva Webb's drug test results. The Webbs also spend a substantial portion of their briefing accusing Morella of committing hate crimes in violation of 18 U.S.C. § 246(b)(2)(B), although they acknowledge that there is no civil cause of action under that statute. In the few pages the Webbs dedicate to the

district court's dismissal of their § 1983 claims, they advance only frivolous arguments without any supporting authority, citing no case law to support their contentions that a public official engaged in private matters acts under color of state law or that acting under color of state law is not a required element of a § 1983 claim. Both these arguments are wholly without merit.

Moreover, the Webbs' attorney, Daniel G. Abel, has repeatedly engaged in sanctionable conduct before this court. In *Chisei v. Auto Club Family Ins. Co.*, 374 F. App'x 475, 477 (5th Cir. 2010), a panel of this court awarded sanctions against Mr. Abel's client because Mr. Abel's briefs were "wholly without merit," "fail[ed] to fairly address the substance of the district court's findings," and "demonstrate[d] a pointed disrespect for 'the limited resources of the judicial system.'" (quoting *Stearman v. Comm'r*, 436 F.3d 533, 540 (5th Cir. 2006)). In *Martin v. Magee*, No. 12-30263, 2012 WL 6644228, at *2 (5th Cir. Dec. 12, 2012), another panel of this court imposed $3,000 in sanctions against Mr. Abel, after finding that his briefing "indentifie[d] no legal error and raise[d] no significant, appealable issue." Mr. Abel's actions in this case continue what the *Martin* panel correctly described as "a continued pattern of filing frivolous, vexatious appeals that waste judicial resources." *Id.*

Because the instant appeal is frivolous, vexatious, and wastes judicial resources and because Mr. Abel has repeatedly abused the appellate process, we GRANT the motion for sanctions and impose sanctions against Mr. Abel in the amount of the reasonable attorneys' fees and costs incurred by Morella in connection with this appeal. We REMAND to the district court for determination of reasonable fees and costs.

AFFIRMED IN PART; DISMISSED IN PART; Sanctions ORDERED; REMANDED for determination of reasonable fees and costs.