# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20247

———————

James Flitsch; Carolyn S. Clark,

*Plaintiffs—Appellees*,

*versus*

Kristin Guardino, J.D.; Leonard Guardino,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3628

_____

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Shortly before being disbarred, Kristin Guardino drafted an irrevocable living trust for Carolyn Clark that named James Flitsch, Clark's grandson, as one of the trustees. But Kristin subsequently attempted to name herself as a trustee and unilaterally remove Flitsch and replace him with her husband, Leonard Guardino. Clark and Flitsch then sued the Guardinos in Texas state court.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20247

After the Texas court ruled against the Guardinos on several matters, they tried to remove the case to federal district court for a third time. The federal court found that it lacked jurisdiction, remanded the case, and assessed costs and attorney's fees against the Guardinos for removing without a reasonable basis. The Guardinos now appeal the remand and the assessment. We lack jurisdiction to review either ruling and therefore dismiss the appeal.

I.

Although raised by neither party, we must ensure we have appellate jurisdiction. *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). A district court's decision to remand for lack of jurisdiction is generally unreviewable on appeal. *See* 28 U.S.C. § 1447(d).[1] One exception allows review of removals under 28 U.S.C. § 1443, which governs removal of certain cases involving "any law providing for the equal civil rights of citizens of the United States." *See* 28 U.S.C. § 1443(1); *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 295 (5th Cir. 2017). Both sides take the position that this exception applies here merely because the Guardinos cited § 1443 in their notice of removal.[2]

That is not enough, however. To invoke § 1443(1), the defendant must show, *inter alia*, that "the right allegedly denied [him] arises under a federal law providing for specific rights *stated in terms of racial equality*."

---

[1] That subsection provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."

[2] The notice states that the Guardinos removed under "28 U.S.C. §§ 1331, 1335, 1337(a), 1343(a), 1367, 1441, and 1443; 18 U.S.C. §1964© [sic]; and 42 U.S.C. §§ 1983 and 1985."

*Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (emphasis added); *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Although the burden rests on them, the Guardinos have not even tried to make that showing. *See Charter Sch. of Pine Grove, Inc. v. St. Helena Par. Sch. Bd.*, 417 F.3d 444, 448 (5th Cir. 2005) ("The defendant bears the burden of establishing its right to removal under § 1443."). Indeed, before the district court, they disclaimed any connection between their race and the alleged violations of their rights. They even argued, contrary to longstanding precedent, that "§ 1443 has no racial component at all" and contended that their failure to rely on federal rights stated in terms of racial equality was "immaterial."

We have repeatedly held that when a defendant's attempted removal lacks even the barest connection with the requirements of § 1443, merely invoking that provision does not supply jurisdiction to review a remand order. *Easley v. Easley*, 62 F.3d 392, 1995 WL 449817 (5th Cir. June 28, 1995) (per curiam) (unpublished) (dismissing appeal for lack of jurisdiction when removing defendant "fail[ed] to mention racial equality at all");[3] *Unauthorized Prac. of L. Comm. v. Ratcliff*, 229 F. App'x 348, 349 (5th Cir. 2007) (per curiam); *ACL Co., LLC v. Espinoza*, 32 F. App'x 128, 128 (5th Cir. 2002) (per curiam); *see also Agyin v. Razmzan*, 986 F.3d 168, 174 (2d Cir. 2021) (holding that a "bare or frivolous invocation" of 28 U.S.C. § 1442—

---

[3] While *Easley* was unpublished, it is precedential because it issued before January 1, 1996. *See* 5TH CIR. R. 47.5.3. The Guardinos argue that a recent Supreme Court case endorses the view that merely citing § 1443 suffices for appellate jurisdiction. *See BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1538 (2021). Not so. That case addressed the scope of appellate review of a case removed under §§ 1442 or 1443, not what was needed to properly invoke either section in the first place. *See id.* at 1536 ("only question" presented was whether a court of appeals may "review any issue in a district court order" remanding a case whose removal was premised on §§ 1442 or 1443). Our rule of orderliness compels us to follow existing circuit precedent unless the Supreme Court "unequivocally" overrules it. *United States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018) (citation omitted). Accordingly, *Easley* controls.

No. 22-20247

an appealable counterpart to § 1443—does not create appellate jurisdiction). Accordingly, we lack jurisdiction to review the district court's remand order.

## II.

The Guardinos also appeal the district court's decision to assess costs and attorney's fees against them under 28 U.S.C. § 1447(c). Ordinarily, we would be able to review such an award despite our lack of jurisdiction over the underlying remand order. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). However, the district court has not yet reduced its award to a sum certain, so we lack jurisdiction to review its decision. *S. Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 131 (5th Cir. 1993) ("[A]n order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain."); *Webb v. Morella*, 522 F. App'x 238, 242 (5th Cir. 2013).

APPEAL DISMISSED.