**BLD-042**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2209
_____

COMMONWEALTH OF PENNSYLVANIA

v.

RONALD S. HOLLOWAY, Sr., Individually, and as Principal Blood Chief of the
Raritan Indians/SandHill Band of Indians and as trustee of the SandHill Indians Tribal
Trust,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. Action No. 24-cv-0861)
District Judge: Julia K. Munley
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2024

Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: December 13, 2024)
_____

OPINION
_____

PER CURIAM

Appellant Ronald S. Holloway, Sr. filed a pro se notice of removal in the United

States District Court for the Middle District of Pennsylvania seeking to remove his state

criminal prosecution. Appellant alleged that he is a member of the Lenape Indian Tribe and that his case involves the deprivation of his constitutional rights that cannot be enforced in state court.

The District Court held that Appellant failed to meet the requirements for removal. First, it determined that Appellant's filings failed to implicate federal civil rights, as required for removal under 28 U.S.C. § 1443. Second, the District Court determined that it lacked jurisdiction given that his state criminal prosecution did not implicate federal Indian law. The Court therefore remanded the matter to state court. Appellant appealed.

Because Appellant asserted at least in part that removal of his state court criminal action was proper under 28 U.S.C. § 1443, we have jurisdiction to consider the District Court's order remanding the case to state court. See BP P.L.C. v. Mayor & City Council of Balt., 141 S. Ct. 1532, 1538 (2021) (noting that a party's reliance on § 1443 for removal permits review of the entire remand order). We exercise plenary review over a District Court's remand order. See Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4.

Initially, 28 U.S.C. § 1455 prescribes the procedure for a state criminal defendant to remove a state criminal prosecution to federal court, but does not itself provide grounds for removal. Rather, it requires the filer to include all grounds for the removal in the notice. See id. § 1455(b)(2). Appellant had the burden to show a meritorious ground for the removal. See, e.g., Erie Ins. Exch. by Stephenson v. Erie Indem. Co., 68 F.4th 815, 818 (3d Cir. 2023); Charter Sch. of Pine Grove, Inc. v. St. Helena Par. Sch. Bd., 417

F.3d 444, 448 (5th Cir. 2005) (per curiam). For the following reasons, Appellant did not make that showing here.

First, the federal officer removal statute, 28 U.S.C. § 1442, does not apply, because Appellant did not allege that he was acting under the United States, its agencies, or its officers. See Papp v. Fore-Kast Sales Co., 842 F.3d 805, 812 (3d Cir. 2016). Section 1443(2) likewise did not apply in this case as it only applies to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1996). Appellant did not allege that he is a federal officer or agent.

Second, the District Court also properly rejected Appellant's attempt to rely on 28 U.S.C. § 1443(1) to remove his state criminal case to federal court. Removal under that statute is narrow. Section 1443(1) authorizes removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. §1443(1). For this provision to apply, "a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966)). Under the first requirement, Appellant had to allege a deprivation of rights guaranteed by federal law "providing for specific civil rights stated in terms of racial equality." Id. (internal

citations and quotations omitted). Under the second requirement, "the vindication of the [Appellant's] federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Peacock, 384 U.S. at 828; see also Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (noting that removal petitioner normally must show that the denial of his specified rights be manifest in an expression of state law such as a legislative or constitutional provision rather than a denial first made manifest in the trial of the case).

There is no substantial question that Appellant failed to satisfy removal under Section 1443(1). His conclusory allegations did not show that he will be denied his rights in state court. Further, while it is true that "[s]tate courts generally have no jurisdiction to try Indians for conduct committed in 'Indian country,'" McGirt v. Oklahoma, 591 U.S. 894, 898 (2020), Appellant failed to show that his crimes were committed in Indian country. Cf. 18 U.S.C. § 1151 (defining what constitutes an Indian country). Thus, the District Court did not err in remanding the criminal prosecution to state court.

Accordingly, we will affirm.