# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2010

No. 09-10389

Charles R. Fulbruge III
Clerk

JOHN WILEY PRICE,

Plaintiff-Appellee

v.

EDDIE BERNICE JOHNSON,

Defendant-Appellant,

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

REAVLEY, Circuit Judge:

This case arises out of a dispute between two Texas public officials. Pursuant to state procedural rules, Appellee John Wiley Price, a Dallas County Commissioner, sought an order in state court to take an investigatory deposition of Appellant Congresswoman Eddie Bernice Johnson. Rep. Johnson removed the matter to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), but the district court remanded it to state court because Price's petition was not a "civil action" subject to removal. Rep. Johnson appeals the district court's order. We lack jurisdiction to review the district court's remand order, and we DISMISS the appeal.

No. 09-10389

**I.**

The genesis of the dispute between Commissioner Price and Rep. Johnson is an interview that the Congresswoman gave in December 2008 to the *Dallas Observer* in which she allegedly made statements questioning Commissioner Price's ethics and accusing him of "shaking down" parties involved in a land development. As a result of the interview, Commissioner Price filed in the 14th Judicial District Court of Dallas County, Texas a Verified Petition To Take Deposition Before Suit under Texas Rule of Civil Procedure 202.1.[1] The petition stated that Price did not know whether he intended to pursue a lawsuit against Rep. Johnson but sought to take the Congresswoman's deposition in order to investigate potential claims for defamation.

Rep. Johnson removed the petition to the United States District Court for the Northern District of Texas, citing as grounds for removal the federal officer removal statute, 28 U.S.C. § 1442(a)(1). That statute permits *inter alia* removal to federal court when a "civil action" has been filed against an officer of the United States who was acting under color of her office.[2] Rep. Johnson asserted

_____

[1] The state rule provides:

> A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:
>
> (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or
>
> (b) to investigate a potential claim or suit.

TEX. R. CIV. P. 202.1.

[2] The statute states, in relevant part:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

No. 09-10389

in her removal notice that she was the subject of a pre-suit discovery action under Texas Rule 202.1 that concerned actions taken by her under color of her office as a United States Representative and Member of the House.

Upon motion by Commissioner Price, the district court remanded the petition to state court. The district court reasoned that a Rule 202.1 proceeding in state court is not a removable "civil action" under § 1442(a)(1) because it asserts no claim upon which relief can be granted and instead seeks an order for a deposition that may or may not result in the filing of an actual suit. Rep. Johnson challenges the district court's order on appeal. We first must examine our own appellate jurisdiction. *See Bader v. Atl. Int'l, Ltd.*[3]

## II.

A remand order is generally barred from appellate review by 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." This bar to review applies even if the order might otherwise be deemed erroneous. *Smith v. Tex. Children's Hosp.*[4] The immunity from appellate review is narrowed, however, when § 1447(d) is read *in pari materia* with 28 U.S.C. § 1447(c), so that only remand orders based on grounds recognized in § 1447(c)

---

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

[3] 986 F.2d 912, 914 (5th Cir. 1993) ("Prior to reviewing the merits of any case, this Court must be satisfied that it has subject matter and appellate jurisdiction.").

[4] 172 F.3d 923, 925 (5th Cir. 1999) (discussing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S. Ct. 584, 589 (1976)).

are unreviewable. *Things Remembered, Inc. v. Petrarca.*[5]  Those grounds are defects in the removal procedure or lack of subject matter jurisdiction.[6]  There is no contention in this case of a defect in the removal procedure.  Therefore, if the district court's remand order was based on a lack of jurisdiction, we may not review the order in this appeal.

In order to exercise our appellate jurisdiction, we require that the district court's order clearly show the remand was *not* based on § 1447(c): "[W]e will only review remand orders if the district court affirmatively states a non-1447(c) ground for remand." *Soley v. First Nat'l Bank of Commerce.*[7]  As noted above, the district court remanded the petition because it did not satisfy § 1442(a)(1)'s requirement of a "civil action."  This was not a clear affirmative statement of a non-1447(c) ground, and it may not be reviewed.

We have previously held that the failure to satisfy § 1442 deprives the federal court of subject matter jurisdiction. *See Guadalupe-Blanco River Auth. v. City of Lytle.*[8]  Therefore, fairly read, the district court's remand order based on the belief that the petition was not removable under § 1442(a)(1) was based

---

[5] 516 U.S. 124, 127–28, 116 S. Ct. 494, 497 (1995) (citing *Thermtron Prods.,* 423 U.S. at 345–46, 96 S. Ct. at 590–91).

[6] *Id.*; *see* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[7] 923 F.2d 406, 408 (5th Cir. 1991) (internal quotation omitted); *see also In re Weaver*, 610 F.2d 335, 337 (5th Cir. 1980) (holding that court is precluded from reviewing remand order where district court did not clearly rely on a non-§ 1447(c) ground for remand); *In re Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642, 648 (5th Cir. 1978) ("[I]t appears that *Thermtron* was intended to be strictly limited to those cases in which a district judge has actually stated that he is not relying on § 1447(c) in ordering a remand.").

[8] 937 F.2d 184, 185–86 (5th Cir. 1991); *see also Niagra Mohawk Power Corp. v. Bankers Trust Co. of Albany, N.A., U.S.*, 791 F.2d 242, 244 (2d Cir. 1986) ("The removal statute used by the government in this case, 28 U.S.C. § 1442(a)(1), confers jurisdiction as well as the right of removal.").

on a lack of subject matter jurisdiction.[9]  We find *Guadalupe-Blanco* to be instructive. In that case, two federal agency defendants removed to federal court a state suit to adjudicate water rights and moved to dismiss based on sovereign immunity.[10]  The version of § 1442(a)(1) in effect at that time did not permit agencies to assert federal officer removal—only federal officers could do so.[11] Because the defendants could not rely on § 1442(a)(1) as the basis for jurisdiction, and there was no other basis for federal court jurisdiction in the case, we held that there was no subject matter jurisdiction and dismissed the appeal.[12]

The same rationale applies in this case. The district court concluded that Rep. Johnson could not rely on § 1442(a)(1), although for a reason different from *Guadalupe-Blanco*, *viz.* the lack of a "civil action."  There is no other basis apparent on the record for federal jurisdiction.[13]  Because § 1442(a)(1) is a jurisdictional statute, the district court's finding that Rep. Johnson failed to satisfy the statute's requirements leads to the natural conclusion that the district court felt there was no subject matter jurisdiction, and the appeal must be dismissed.

---

[9] *See, e.g., Weaver*, 610 F.2d at 337 (holding that although district court did not cite specific language of § 1447(c) in remand order but believed the case was not removable, the "logical inference" was that the court felt jurisdiction was lacking).

[10] *Guadalupe-Blanco*, 937 F.2d at 185.

[11] *Id.*  Section 1442(a)(1) has since been amended to permit agencies as well as officers to remove such suits.  *See* Pub. L. No. 104-317, 110 Stat. 3847, § 206(a)(1) (1996).

[12] *Guadalupe-Blanco*, 937 F.2d at 185.

[13] We note that in the "Jurisdictional Statement" of her brief to this court, Rep. Johnson acknowledged that the district court's subject matter jurisdiction arose from § 1442.  We also note that, unlike the Texas state rules, the Federal Rules of Civil Procedure, which would be applicable to the removed petition, do not permit pre-suit investigative depositions.  *See* FED. R. CIV. P. 27(a).

No. 09-10389

Rep. Johnson argues that the Supreme Court in *Caterpillar Inc. v. Lewis*[14] recognized a distinction between subject matter jurisdiction and the statutory requirements permitting removal to federal court. She therefore suggests that the "civil action" requirement for removal under § 1442(a)(1) is merely a statutory element the failure of which does not implicate subject matter jurisdiction. Under this reasoning, the district court's remand would not be based on § 1447(c) and could be reviewed. We find the argument and the citation to *Caterpilla*r unpersuasive.

In *Caterpillar*, the Court had to decide whether the absence of complete diversity, as required by 28 U.S.C. § 1441(a), at the time of removal was fatal to a federal court adjudication even though the defect had been cured by the dismissal of a non-diverse defendant before trial and was no longer present at the time the district court entered judgment.[15] The Supreme Court held that the judgment could stand.[16] In doing so, the Court noted that although the "jurisdictional defect" had been cured in the case by the time of judgment, the "statutory flaw" of failing to meet § 1441(a)'s requirements at the time of removal "remained in the unerasable history of the case."[17] But the Court did not disturb the judgment because the federal jurisdictional requirements had been met at the time judgment was entered. Rep. Johnson asserts that the quoted language necessarily means that not every aspect of a removal statute concerns subject matter jurisdiction. We acknowledge that the Court spoke of both a jurisdictional defect and a statutory violation in *Caterpillar*, but in that

---

[14] 519 U.S. 61, 117 S. Ct. 467 (1996).

[15] *Id.* at 65, 117 S. Ct. at 471.

[16] *Id.*

[17] *Id.* at 73, 117 S. Ct. at 475.

6

case the two were the same, i.e., the absence of complete diversity.[18] The Court was merely explaining the question it had to address in the case due to the timing of the defect and its cure.[19]

*Caterpillar* did not directly address the question in this case of whether the remand for failure to satisfy the removal statute is unreviewable because it is based on a lack of jurisdiction. A later portion of the opinion is instructive, however. The respondent there asserted that if the judgment was allowed to stand, despite the initial statutory defect in the removal, the procedural rules for removal would in effect become unenforceable and defendants would be encouraged to remove cases prematurely.[20] The *Caterpillar* Court rejected the argument and noted that this was unlikely because a "well-advised" defendant would foresee the result of attempting to remove without meeting the requirements of the removal statute: "a swift *and nonreviewable* remand order."[21] That is precisely the outcome warranted in the instant case.

Rep. Johnson also argues in her supplemental letter brief that because the Attorney General has determined under the Westfall Act that she was acting within the scope of her federal employment, she is immune from any claims against her under the Federal Tort Claims Act, and there is federal question

---

[18] *See id.*; *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574, 124 S. Ct. 1920, 1926 (2004) (stating that *Caterpillar*'s holding was that a statutory defect, i.e., failure to meet the § 1441(a) requirement that the case be fit for federal adjudication at the time the removal petition is filed, "did not require dismissal once there was no longer any jurisdictional defect").

[19] *See Grupo Dataflux*, 541 U.S. at 572–73, 124 S. Ct. at 1925 (noting that *Caterpillar* "broke no new ground" and merely applied a long-recognized exception to the "time-of-filing rule" that jurisdiction must exist when the action is brought).

[20] *Caterpillar*, 541 U.S. at 77, 117 S. Ct. at 477.

[21] *Id.* (emphasis added).

jurisdiction here.[22]  "The Westfall Act provides that, upon certification by the Attorney General or his designated representative that the government employee was acting within the scope of his employment at the time of the allegedly tortious act, the United States may remove the action to federal court and substitute itself as the defendant in the suit."  *Counts v. Guevara.*[23]  The Attorney General's certification in this case is not properly before us at this time. Johnson sought removal based only on § 1442(a)(1).  She never asserted in the district court, either in her removal notice or post-remand order motions, that removal was warranted by Westfall Act certification.[24]  Moreover, Rep. Johnson apparently obtained the Attorney General's certification only after the district court's remand order, and we generally will not enlarge the record to consider evidence that was not before the district court.  *McIntosh v. Partridge.*[25]  We therefore decline to consider this issue and express no opinion on it.

APPEAL DISMISSED.

---

[22] *See* 28 U.S.C. § 2679(d).

[23] 328 F.3d 212, 214 (5th Cir. 2003); *see* § 2679(d)(2).

[24] *See Brown v. Ames*, 201 F.3d 654, 663 (5th Cir. 2000) ("To avoid being waived, an argument must be raised to such a degree that the trial court may rule on it.") (quotation marks and citation omitted).

[25] 540 F.3d 315, 327 (5th Cir. 2008).