**In the Matter of Brian RISHEL; Betty Rishel, Debtors.**

**Merchants & Farmers Bank, Appellee,**

v.

**Brian Rishel; Betty Rishel, Appellants.**

No. 10–60408

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 15, 2011.

William F. Schneller, Jr., Jones & Schneller, Holly Springs, MS, for Appellee.

Billy Sean Akins, Akins & Adams, P.A., Ripley, MS, for Appellants.

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM: *

Appellants Brian and Betty Rishel ("Rishels") appeal the district court's order to remand this bankruptcy matter to Mississippi state court. We DISMISS the appeal because we lack jurisdiction to review a district court's order to remand when such a decision is based on procedural defects in the removal process.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Several months after the Rishels closed their Chapter 7 bankruptcy case, Merchants & Farmers Bank ("Merchants") joined the Rishels as defendants to a Mississippi court case in which Merchants sought to reform a deed of trust for real property owned by the Rishels. The Rishels were served with the complaint on September 9, 2008. On October 9, 2008, the Rishels filed a motion to reopen the bankruptcy case, which the bankruptcy court granted. On November 14, 2008, more than sixty days after service of the complaint, the Rishels filed a notice of removal. Merchants timely filed a motion to remand, which the bankruptcy court granted. The Rishels appealed that decision to the district court, which affirmed the bankruptcy court. The Rishels now appeal to us, arguing that the district court erred by concluding that the couple had untimely filed their notice of removal. The Rishels also allege that the lower courts erred by concluding that their motion to reopen did not constitute a notice of removal.

Under Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure, in a proceeding such as this one, notice of removal must be filed within thirty days of service of the pleading that a party seeks to remove to federal court. *See also* 28 U.S.C. § 1446(b). Except in civil rights cases, if a district court grants a timely motion to remand based on procedural defects in the removal process, we lack jurisdiction to consider the district court's order. 28 U.S.C. § 1447(d); *Powerex Corp. v. Reliant Energy Servs., Inc.,* 551 U.S. 224, 229, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007); *Price v. Johnson,* 600 F.3d 460, 462 (5th Cir.2010); *see also Certa v. Cain,* No. 08-20491, 308 Fed.Appx. 845, 847 (5th Cir. 2009) (unpublished).

Here, the Rishels failed to meet the filing deadlines in § 1446(b) and Rule

9027(a) because the couple filed a notice of removal more than thirty days after being served with Merchant's complaint. The district court affirmed the bankruptcy court's motion to remand based on a procedural defect—the Rishels' untimely notice of removal. Under 28 U.S.C. § 1447(d), we lack jurisdiction to review the district court's order and we are prevented from further consideration of the Rishels' arguments. *Powerex,* 551 U.S. at 229, 127 S.Ct. 2411; *see also Price,* 600 F.3d at 462.

APPEAL DISMISSED.