# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2011

Lyle W. Cayce
Clerk

No. 11-30226
Summary Calendar

DONALD SUBLET,

Plaintiff - Appellant

v.

SHAWN MILLION, Captain; LIEUTENANT BLAZE; CORRECTIONAL OFFICER BOVILLE; UNITED STATES OF AMERICA,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CV-1410

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Donald Sublet, former federal prisoner # 11152-078, challenges the dismissal, for lack of subject-matter jurisdiction, of his claim against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2674. (He does not challenge the dismissal of the individual defendants.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sublet's claim arises out of being handcuffed. (He has abandoned his claim regarding resulting medical treatment.) He contends the district court erred in ruling it lacked jurisdiction because his physical injury was inadequate under 28 U.S.C. § 1346(b)(2) (prisoners may not bring action against United States for mental or emotional injury without first showing physical injury).

A Federal Rule of Civil Procedure 12(b)(1) dismissal is reviewed *de novo*, applying the same standards as the district court. *E.g.*, *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 734 (5th Cir. 2010) (citations and internal quotation marks omitted). Sublet, as the party invoking the district court's jurisdiction, had the burden of proving that jurisdiction existed. *E.g.*, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Although Sublet relies on an affidavit and medical records attached to his brief here, we "generally will not enlarge the record to consider evidence that was not before the district court". *Price v. Johnson*, 600 F.3d 460, 465 (5th Cir. 2010). Sublet points to nothing in the record showing the district court clearly erred in finding his injury consisted of only temporary pain stemming from numbness and tenderness in his left hand and arm. Because his physical injury was *de minimis*, his compensatory-damages claim was properly dismissed. § 1346(b)(2); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (construing 42 U.S.C. § 1997e(e)) (holding bruised ear that was sore for three days was *de minimis* injury).

Sublet also challenges the dismissal of his punitive-damages claim. But, the FTCA specifically states: "The United States . . . shall not be liable . . . for punitive damages". 28 U.S.C. § 2674.

Finally, Sublet complains that "records show no completion of a BP-140 (Injury Report)". Because he did not raise this claim in the district court, it will not be considered on appeal. *E.g.*, *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

AFFIRMED.