# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2017

Lyle W. Cayce
Clerk

No. 16-10313

DECATUR HOSPITAL AUTHORITY, doing business as Wise Regional Health System,

Plaintiff - Appellee

v.

AETNA HEALTH, INCORPORATED,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, HIGGINBOTHAM, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

This appeal relates to ongoing litigation between Wise Regional Health System, a Texas municipal hospital authority, and Aetna Health Inc., an insurance plan administrator, regarding medical insurance claims Wise Regional submitted on behalf of its patients. Wise Regional sued Aetna in Texas state court, and, when Aetna removed, it relied in part upon the federal officer removal statute, 28 U.S.C. § 1442. Finding Aetna's removal untimely, the district court remanded and awarded attorneys' fees.

No. 16-10313

We have appellate jurisdiction over the remand order, and, upon *de novo* review, we AFFIRM. We also perceive no abuse of discretion in the separate attorneys' fee award, and we AFFIRM.

## BACKGROUND

On May 27, 2015, Wise Regional sent Aetna a demand letter "to address claims Wise [Regional] has against Aetna for Aetna's violations of the timely claim processing requirements imposed by the Texas Prompt Pay Act." Wise Regional's letter claimed state-law late-payment penalties in excess of $17.4 million had accrued.

Wise Regional's demand letter made three specific requests. First, the letter asked Aetna to contact Wise Regional's counsel to coordinate a "secure, HIPPA-compliant" transmission of "a detailed list of the claims at issue." Second, "[t]o make pre-suit negotiations more productive," Wise Regional asked Aetna to conduct a "line-of-business analysis" on the claims list to identify "the payment arrangement (e.g., self-funded ERISA, fully insured, Medicare Advantage, FEHBA)" implicated by each claim.[1] Third, Wise Regional asked Aetna to provide information regarding any claim "Aetna believes was timely paid." Aetna's counsel asked for the claims list on June 19, 2015, and Wise Regional provided it three days later.

On June 24, two days after sending the claims list, Wise Regional filed in Texas state court a lawsuit predicated upon insurance claims it alleges Aetna paid, but paid too slowly. On November 4, 2015, Wise Regional provided objections and answers to Aetna's first set of interrogatories. On December 4, 2015, Aetna removed the case to federal court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1442.

---

[1] Both Wise Regional's state-court petition and briefing on appeal disclaim any pursuit of claims implicating these federal insurance and health care programs. *See* Appellee's Br. at 18, n.27.

2

No. 16-10313

Wise Regional filed a motion to remand, and the district court issued a remand order on February 19, 2016. The district court's memorandum opinion stated that "the action should be remanded because [Aetna] did not timely remove it."

Wise Regional also filed a motion for attorneys' fees. The district court granted that motion on March 7, 2016, and awarded Wise Regional $14,500. The district court ruled that Aetna "lacked an objectively reasonable basis for seeking removal of this action almost five months after expiration of the thirty-day deadline for removal," and stated that "[Aetna's] contention that it first ascertained from the interrogatory answers that the case is one that was removable borders on being absurd considering that the state court pleading of [the] plaintiff provided exactly that same information."

Aetna timely noticed its appeal of both the remand order and the attorneys' fees award.

## JURISDICTION

The parties dispute whether this court has jurisdiction to review the remand order. Aetna contends that we may review the remand order under 28 U.S.C. § 1447(d), which provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d). Wise Regional contends that because the district court based its remand order on a defect in removal procedure (here, timeliness), we must withhold appellate review. As discussed below, we conclude that this court possesses appellate jurisdiction over the remand order.

3

No. 16-10313

As the parties correctly acknowledge, we also have jurisdiction to review the award of attorneys' fees. *See Miranti v. Lee*, 3 F.3d 925, 927–28 (5th Cir. 1993) (holding "that § 1447(d) does not prohibit review by this court of the order of costs and fees"); *see also Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001).

## STANDARD OF REVIEW

We review the district court's remand order *de novo*, "without a thumb on the remand side of the scale." *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 339 (2016). "The decision of the district court to award attorneys' fees is reviewed for an abuse of discretion." *Garcia*, 254 F.3d at 587.

## DISCUSSION

As a threshold matter, this appeal requires us to analyze our appellate jurisdiction over the district court's remand order. We hold that appellate jurisdiction exists. Applying *de novo* review, we hold that remand was proper. Finally, we conclude the district court did not abuse its discretion by awarding attorneys' fees.

### I.   Appellate jurisdiction

"Orders remanding a case to state court are generally not reviewable." *Savoie*, 817 F.3d at 460. "The statute governing removal procedure [i.e., 28 U.S.C. § 1447(d)] provides for only two exceptions: remand orders involving certain civil rights cases, 28 U.S.C. § 1443, and remand orders involving the federal officer removal statute, 28 U.S.C. § 1442." *Id.* "Our unusual ability to review a remand order in [the Section 1442] context reflects the importance Congress placed on providing federal jurisdiction for claims asserted against federal officers and parties acting pursuant to the orders of a federal officer." *Id.*

4

No. 16-10313

Wise Regional notes that the district court expressly based its remand order on the untimeliness of Aetna's removal, and it contends this ground for remand bars our review. "Untimely removal is a defect in removal procedure," *Belser v. St. Paul Fire & Marine Ins. Co.*, 965 F.2d 5, 8 (5th Cir. 1992), and we ordinarily lack jurisdiction to review a remand order based on such a defect, *see Price v. Johnson*, 600 F.3d 460, 462 (5th Cir. 2010). Here, however, the fact that Aetna relied upon the federal officer removal statute in its notice of removal permits appellate review.

This conclusion flows from the text of Section 1447(d). As the Supreme Court observed in *Kircher*, Section 1447(d) "specifically excepts certain [statutory] actions from its bar." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 640 n.7 (2006).[2] Put another way, "Congress has, when it wished, expressly made 28 U.S.C. § 1447(d) inapplicable to particular remand *orders*." *Id.* at 641 n.8 (emphasis added). In 2011, Congress expressly made Section 1447(d)'s bar inapplicable to "an order remanding a case to the State court from which it was removed pursuant to . . . section 1442. . . ." 28 U.S.C. § 1447(d).[3] Like the Seventh Circuit, "[w]e take both Congress and *Kircher* at their word in saying that, if appellate review of an 'order' has been authorized, that means review of the 'order.' Not particular reasons *for* an order, but the order itself." *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 812 (7th Cir. 2015); *see also* 14C Charles Alan Wright et al., Federal Practice & Procedure § 3740 n. 30.50 (4th ed., West) (updated Jan. 2017) ("The Removal Clarification Act of 2011 amends Section 1447(d) to exempt remands to State court, of actions removed under Section

---

[2] The *Kircher* opinion references a prior version of Section 1447(d) that provided a specific exception for civil rights removals. The modern version of Section 1447(d) states an exception for both the civil rights removal and federal officer removal statutes.

[3] This amendment accounts for the difference between the result we reach today and the holding of *Price*, 600 F.3d at 460.

1442, from the prohibition on review that Section 1447(d) has heretofore imposed on all removals except those of civil rights cases removed under Section 1443."); 15A Charles Alan Wright et al., Federal Practice & Procedure § 3914.11 (2d ed., West) (updated Jan. 2017) ("Although § 1447(d) allows review of the 'order remanding' the case, it has been held that review is limited to removability under § 1443. Review should instead be extended to all possible grounds for removal underlying the order.) (emphasis in original).

In *Robertson v. Ball*, we declined to review "the part of [a] remand order" expressing a Section 1447(c) ground (lack of subject matter jurisdiction) for rejecting a party's reliance upon a portion of the general removal statute, Section 1441(b). *See* 534 F.2d 63, 65 (5th Cir. 1976). *Robertson* implies only that we cannot review a remand order (or a portion thereof) expressly based on a Section 1447(c) ground when the basis for removal is a statute that, like Section 1441, Section 1447(d) does not specifically exempt from Section 1447(c)'s bar.

By recognizing "[t]he exception in [Section] 1447(d)'s prohibition of appellate review for *remands of removals effected under [Section] 1443*," *Robertson* supports our elevation of Aetna's purported Section 1442 basis for removal (which supports appellate review) over the district court's articulation of a Section 1447(c) ground for remand (which would ordinarily foreclose appellate review). *See* 534 F.2d at 66 n.5 (emphasis added); *see also Charter School of Pine Grove, Inc. v. St. Helena Parish School Bd.*, 417 F.3d 444, 446 (5th Cir. 2005) (per curiam) (stating that "we may review an order to remand based on lack of subject matter jurisdiction [i.e., a Section 1447(c) ground for remand] when the case remanded was removed pursuant to 28 U.S.C. § 1443 [i.e., a statute Section 1447(d) excepts from Section 1447(c)'s bar on reviewability].").

No. 16-10313

## II.    Merits of the remand order

Having established our jurisdiction to review the remand order, we consider its merits *de novo*. We hold that the district court correctly remanded; Aetna's notice of removal was untimely.

"In essence, when read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). "[I]f the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant . . . ." *Id.* "[I]f the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable." *Id.*

Aetna urges us to conclude that this case only became removable when Wise Regional provided its interrogatory responses. Aetna maintains that one interrogatory response specified, for the first time, Wise Regional's intention to pursue removable claims.

We disagree with Aetna's position essentially for the reasons cogently articulated by the district court in its order awarding attorneys' fees. *See Decatur Hospital Authority v. Aetna Health Inc.*, No. 4:15-cv-922-A, 2016 WL 950950 at *2–3 (N.D. Tex. March 7, 2016). There is no new information in the interrogatory response at issue, which, in relevant part, referred Aetna "to the spreadsheet served on its counsel on or about June 22, 2015." *Decatur Hosp.*, 2016 WL 950950 at *2.

Aetna bases its theory of removability on the proposition that the medical claims list includes entries that would support removal. Of course, Aetna received the medical claims list two days before Wise Regional filed its

7

petition. Wise Regional's petition referred to the medical claims list. *Decatur Hosp.*, 2016 WL 950950 at \*2.

Given this factual context, even if we accepted Aetna's theory of why this case presents removable subject matter,[4] we would agree with the district court's conclusion that Aetna's 30-day window for removal began to run under Section 1446(b)(1) on June 30, 2015, the date it received service of the petition. We perceive no aspect of Aetna's theory of removability that would have only become apparent when Wise Regional served its interrogatory response. Because Aetna filed its notice of removal more than 30 days after June 30, 2015, we hold that remand was proper.

### III.          Award of attorneys' fees

"The decision of the district court to award attorneys' fees is reviewed for an abuse of discretion." *Garcia*, 254 F.3d at 587. "[A] court may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (internal quotations and citation omitted). "A defendant's subjective good faith belief that removal was proper is insufficient to establish that the district court abused its discretion in awarding attorney's fees under Section 1447(c)." *Id.* at 542, n.2.

The district court ruled that Aetna "lacked an objectively reasonable basis for seeking removal of this action almost five months after expiration of the thirty-day deadline for removal." As stated in the previous section, we agree with the district court's conclusion that Aetna's removal was untimely. We perceive no abuse of discretion in the district court's finding that Aetna had no reasonable basis to think otherwise.

---

[4] Wise Regional stridently disputes the notion that its suit pursues any removable claims. *See* Appellee's Br. at 18 n.27. Because we affirm the district court's remand on timeliness grounds, we express no view on this substantive issue.

No. 16-10313

## CONCLUSION

Accordingly, we AFFIRM both the district court's remand order and award of attorneys' fees.