# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2020

Lyle W. Cayce
Clerk

No. 19-60869
Summary Calendar

MCRAE LAW FIRM, P.L.L.C.,

*Plaintiff—Appellee*,

*versus*

BARRY WADE GILMER, INDIVIDUALLY AND, DOING BUSINESS AS GILMER LAW FIRM, PA; GILMER LAW FIRM, A PROFESSIONAL ASSOCIATION, ALSO KNOWN AS GILMER LAW FIRM, PA; GILMER LAW FIRM, P.L.L.C. (BUSINESS ID 1041903); MATTHEW WADE GILMER, INDIVIDUALLY,

*Defendants—Appellants*.

Appeals from the United States District Court
for the Southern District of Mississippi
No. 3:19-CV-124

Before KING, SMITH, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

The McRae Law Firm sued Barry and Matthew Gilmer and their law

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

firms in state court, alleging that the Gilmers had wrongfully retained settlement proceeds from a legal malpractice suit in which the parties were co-counsel.  Four times, the Gilmers have tried to remove to federal court.[1] Each effort has failed.  During the third remand, the court awarded $5,145.40 in attorney's fees, "caution[ed] Gilmer against removing this case for a fourth time[,] and warn[ed] Gilmer that another frivolous removal w[ould] result in stiffer sanctions, monetary and otherwise." *McRae Law Firm, PLLC v. Gilmer*, No. 3:17-CV-704-DCB-LRA, 2018 U.S. Dist. LEXIS 124951, at *8 (S.D. Miss. July 26, 2018).

This time around, the court granted $13,931.10 in fees and costs and enjoined the Gilmers from removing this dispute without written permission from one of the two district judges who has heard this case.  The court lamented "that monetary sanctions and the threat of 'stiffer sanctions, monetary and otherwise' ha[d] not caused the[] defendants to refrain from [] abusive tactics"; the court commented that the "next step may be to revoke these lawyers' authority to practice in the district."

The Gilmers contend that the court abused its discretion by awarding fees and costs following their fourth attempt to remove.  We review the award of fees for abuse of discretion.  *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 295 (5th Cir. 2017).  "Fees should only be awarded if the removing defendant lacked objectively reasonable grounds to believe the removal was legally proper."  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (quotation marks omitted).

---

[1] The Gilmers insist that they are independent parties, and Matthew Gilmer claims that he was not involved in this dispute until the McRae Law Firm amended its complaint, which took place after the third removal.  As the district court noted, however, Matthew's single-member PLLC was among the defendants sued in the first removal.  Matthew is also the authorized signatory on Barry Gilmer's law firm's bank accounts.  The Gilmers work together, live together, have identical interests in this dispute—which, at its core, concerns Matthew's writing law firm checks—and "have acted in concert to frustrate the plaintiff and the judicial system in its effort to see this case to its conclusion."

No. 19-60869

We cannot conceive of any way the Gilmers had an "objectively reasonable ground[] to believe the removal was legally proper" where the court had thrice remanded the case, issued sanctions for the third removal, and warned against removing the case again (and again and again).  The fourth time isn't a charm.

AFFIRMED.