# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2025

Lyle W. Cayce
Clerk

———————

No. 24-20443
Summary Calendar

———————

Nanette Yvette Marlon; Frances Diane Redd,

*Plaintiffs—Appellees*,

*versus*

Oliveira Florinda Marlon,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-1136

———————————————————————

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

Oliveira Florinda Marlon, pro se, filed a notice of removal in the district court, identifying two proceedings in Waller County Court at Law #2 in Texas as the matters being removed. The district court sua sponte remanded the action to state court due to Marlon's failure to attach to his

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

notice of removal a copy of the underlying state court pleadings and other papers, in violation of the district court's order and a local court rule.

"Congress has severely circumscribed the power of federal appellate courts to review remand orders." *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004). As a general matter, "an order of a district court remanding a case to the state court is not subject to review on appeal or otherwise" under 28 U.S.C. § 1447(d). *Albarado v. S. Pac. Transp. Co.*, 199 F.3d 762, 764 (5th Cir. 1999). Yet § 1447(d) must be "read *in pari materia* with 28 U.S.C. § 1447(c), so that only remand orders based on grounds recognized in § 1447(c) are unreviewable." *Price v. Johnson*, 600 F.3d 460, 462 (5th Cir. 2010). In short, the grounds for remand recognized in § 1447(c) "are defects in the removal procedure or lack of subject matter jurisdiction." *Id.* Here, the district court remanded based on defects in the removal procedure, a ground recognized in § 1447(c). *See id.*; *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 932–33 (5th Cir. 1958); 28 U.S.C. § 1446(a).

At any rate, we conclude that we have jurisdiction over the remand order because the district court *exceeded* its statutory authority. *See In re Allstate Ins. Co.*, 8 F.3d 219, 222–24 (5th Cir. 1993); *F.D.I.C. v. Loyd*, 955 F.2d 316, 320–21, 329 (5th Cir. 1992). Under § 1447(c), district courts lack the discretion to sua sponte remand for defects in the removal procedure; instead, such remands must be tethered to a party's motion. *In re Allstate*, 8 F.3d at 222–24. The district court's sua sponte remand based on procedural defects, therefore, exceeded its statutory authority. *See id.* For these reasons, we accordingly vacate the remand order, and we remand the matter to the district court for further proceedings consistent with this opinion. *See id.*; *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1028, 1032 (5th Cir. 1998).

VACATED AND REMANDED.