# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2026

Lyle W. Cayce
Clerk

————————

No. 25-50092

————————

Arturo Gonzalez,

*Plaintiff—Appellee*,

*versus*

El Centro Del Barrio, *doing business as* CentroMed,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-852

———————————————————————

Before Haynes, Duncan, and Ramirez, *Circuit Judges*.

Haynes, *Circuit Judge*:

The underlying case is a class action asserting claims arising out of a data breach. This appeal concerns only whether the defendant below can seek a federal forum under 42 U.S.C. § 233 or 28 U.S.C. § 1442. The district court remanded this case to state court. We likewise conclude that removal was improper under both statutes and AFFIRM the district court's remand.

## I.     Background

El Centro Del Barrio, doing business as CentroMed, is a Texas nonprofit organization that operates as a community health center. As part of

No. 25-50092

its operations, CentroMed collects and stores on its network some of its patients' personal information. As alleged, cybercriminals infiltrated CentroMed's network and gained access to numerous individuals' private information in 2024. After the data breach was discovered, Arturo Gonzalez, individually and on behalf of those similarly situated, filed a class action petition in Bexar County, Texas. Gonzalez claims that CentroMed failed "to take and implement adequate and reasonable measures to ensure that [Plaintiffs'] Private Information was safeguarded." Relying on both 42 U.S.C. § 233 and 28 U.S.C. § 1442, CentroMed removed the case to the federal court.

### A.    Statutory Framework

The first statute on which CentroMed relies, 42 U.S.C. § 233, allows for removal by a deemed employee of the Public Health Service ("PHS") in a narrow set of circumstances. 42 U.S.C. § 233(*l*)(1)–(2). The PHS is supervised by the Department of Health and Human Services ("HHS"). *Id.* § 202. Under § 233(a) of the Public Health Services Act ("PHSA"), a PHS employee is provided "absolute immunity . . . for actions arising out of the performance of medical or related functions within the scope of their employment." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010). Where such a claim is asserted, the United States is substituted for the defendant and the action proceeds under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80. *See* 42 U.S.C. § 233(a), (c).

In the Federally Supported Health Centers Assistance Act ("FSHCAA"),[1] Congress extended this immunity to certain private health

---

[1] *See* Federally Supported Health Centers Assistance Act, Pub. L. No. 102–501, 106 Stat. 3268, 3268–72 (1992); *see also* Federally Supported Health Centers Assistance Act, Pub. L. No. 104–73, 109 Stat. 777, 777–83 (1995).

centers that receive federal funds. 42 U.S.C. §§ 233(g)(4), 254b. For a federally-funded health center to avail itself of this immunity, the HHS Secretary must first "deem" the health center to be part of the PHS for a given calendar year, which involves seeking approval for grant funds and submitting an application to HHS demonstrating that it meets the enumerated requirements. *See id.* § 233(g)(1)(A), (g)(1)(D), (g)(4), (h). But the deeming decision alone does not provide immunity. For an action to be covered, it must seek personal injury damages "resulting from the performance of medical, surgical, dental, or related functions" that were conducted by a PHS employee "acting within the scope of [its] . . . employment." *Id.* § 233(a); *see also Hui*, 559 U.S. at 806.

When an action is filed against a federally-funded health center in state court, § 233 sets out the process for removal to federal court. The center must "promptly furnish copies of the pleading" to the appropriate United States attorney, the Attorney General, and the Secretary of HHS. 42 U.S.C. § 233(b). After receiving notice, the Attorney General may certify "that the defendant was acting in the scope of [its] employment at the time of the incident," and, where that is the case, removal is required. *Id.* § 233(c). More precisely, however, § 233 clarifies that, "within 15 days" of notification of the action, the Attorney General "shall make an appearance in such court and advise such court as to whether the Secretary has determined" that the center "is deemed to be an employee of the [PHS] for purposes of [§ 233] with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id.* § 233(*l*)(1). "Such advice" is "deemed to satisfy" § 233(c)—the scope of employment certification. *Id.* But "[i]f the Attorney General fails to appear in State court" within 15 days, the health center may remove. *Id.* § 233(*l*)(2).

The second statute on which CentroMed relies allows certain federal officers to remove a state-court action to federal court. 28 U.S.C. § 1442.

Specifically, the federal officer removal statute allows "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" to remove an action filed in state court to federal court. *Id.* § 1442(a)(1). This "is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant." *Guadalupe-Blanco River Auth. v. City of Lytle*, 937 F.2d 184, 185 (5th Cir. 1991) (quoting *Mesa v. California*, 489 U.S. 121, 136 (1989)). The federal officer must remove the action within 30 days after it receives a pleading or other paper from which the right to remove is ascertainable. *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018) (citing 28 U.S.C. § 1446(b)(1), (3)).

## B.    Procedural History

CentroMed receives federal funding under the PHSA, 42 U.S.C. §§ 233(g)(4), 254b, and has, in some circumstances, been "deemed" a PHS employee. After CentroMed was served in this case on June 26, 2024, it delivered the pleading to HHS and requested coverage. The Attorney General, through the United States Attorney for the Western District of Texas,[2] first appeared in state court on July 12, 2024. The Attorney General clarified that notice of the action was received from HHS on July 8, 2024, and informed the state court that, as of that time, HHS had "not yet provided its report as to whether the deemed status of CentroMed under 42 U.S.C. §§ 233(g) and (h) extends to the acts or omissions that are the subject of this civil action." Then, on July 23, 2024, 15 days after receiving notice of

---

[2] The United States Attorney for the relevant district "is authorized to make the statutory certification that the covered person was acting at the time of the incident out of which the suit arose under circumstances in which Congress has provided by statute that the remedy provided by the [FTCA] is made the exclusive remedy." 28 C.F.R. § 15.4(b).

the petition, the Attorney General notified the state court that CentroMed "was not deemed to be a [PHS] employee for purposes of the acts or omissions giving rise to the suit and that this action therefore [was] not subject to the provisions of 42 U.S.C. § 233," so it would not intervene.

Nonetheless, CentroMed removed 37 days after it was served, arguing that it was entitled to a federal forum under both 42 U.S.C. § 233 and 28 U.S.C. § 1442. Gonzalez promptly filed a motion to remand, contending that the district court lacked jurisdiction because CentroMed did not have a right to remove on either basis. The United States, as a non-party, also urged the district court to remand.

The district court granted Gonzalez's motion to remand. The district court concluded that CentroMed had no right to remove under § 233(*l*)(2) because the Attorney General timely appeared in state court, and its removal under § 1442(a)(1) was untimely. CentroMed promptly appealed.

## II.    Jurisdiction & Standard of Review

Though the parties do not discuss jurisdiction at length, we have "an independent obligation to assess the basis for subject matter jurisdiction before wielding the judicial power of the United States." *La. Indep. Pharmacies Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022) (citations omitted). With that in mind, we turn to jurisdiction.

To be sure, orders remanding a case to state court are ordinarily unreviewable. 28 U.S.C. § 1447(d). However, that rule notes that a removal under § 1442 is reviewable.

With respect to § 233, we can review because the district court effectively concluded that CentroMed was unable to avail itself of immunity under § 233. In *Hui*, the Supreme Court approved the Ninth Circuit's conclusion in a similar context that "district court orders denying absolute

immunity constitute 'final decisions' for purposes of 28 U.S.C. § 1291." 559 U.S. at 804 n.4 (citation omitted). Accordingly, a district court's effective denial of § 233 immunity is subject to appellate review.

As for the standard of review, we review de novo issues of subject-matter jurisdiction and issues related to "the propriety of removal." *Oviedo v. Hallbauer*, 655 F.3d 419, 422 (5th Cir. 2011).

## III.    Discussion

CentroMed contends on appeal that its removal was proper under both § 233 and § 1442. In its view, the district court was wrong to conclude that CentroMed was unable to remove under § 233(*l*)(2) and that its removal under § 1442(a)(1) was untimely. Gonzalez and the United States, as amicus curiae, disagree and argue that the district court was correct to remand. We start with § 233 and end with § 1442.

### A.    Removal under 42 U.S.C. § 233

The relevant issue with respect to § 233 is whether CentroMed was entitled to remove under § 233(*l*)(2). The parties and the United States each take different views of how § 233 operates and dispute when § 233(*l*)(2) permits a defendant to remove.

CentroMed argues on appeal that because the Attorney General did not appear or remove as required, it was permitted to do so under § 233(*l*)(2). We disagree in all respects. In reaching this conclusion, we explain that the Attorney General complied with § 233(*l*)(1) and removal was accordingly inappropriate under § 233(*l*)(2).

### 1.    *The Attorney General's notice complied with § 233(l)(1)*

We must first determine what § 233(*l*)(1) required of the Attorney General. Although § 233 "is hardly a model of clarity," *Blumberger v. Tilley*,

No. 25-50092

115 F.4th 1113, 1126 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2818 (2025), its text explains exactly what the Attorney General must tell the state court.

Start with § 233(*l*)(1)'s text. If a lawsuit is filed in state court against a deemed PHS employee seeking damages described in subsection (a):[3]

> the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity . . . is deemed to be an employee of the [PHS] for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding.[4]

42 U.S.C. § 233(*l*)(1).

The key issue here concerns what § 233(*l*)(1) requires the Attorney General to tell the state court. CentroMed argues that the Attorney General needs only to inform the state court as to whether the health center had been deemed a PHS employee for the given year. The text belies this assertion.

"The task of statutory interpretation begins and, if possible, ends with the language of the statute." *United States v. Lauderdale Cnty.*, 914 F.3d 960,

---

[3] In relevant part, § 233(a) explains that the remedy against the United States set out in 28 U.S.C. §§ 1346(b) and 2672 "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any . . . employee of the [PHS] while acting within the scope of his . . . employment, shall be exclusive of any other civil action or proceeding . . . ." 42 U.S.C. § 233(a).

[4] The statute further clarifies that "[s]uch advice shall be deemed to satisfy the provisions of subsection (c) that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility." 42 U.S.C. § 233(*l*)(1). Subsection (c) clarifies that when the Attorney General certifies that "the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed . . . ." *Id.* § 233(c). Accordingly, an answer in the affirmative from the Attorney General requires removal.

964 (5th Cir. 2019) (citation omitted). "When the language is plain, we must enforce the statute's plain meaning, unless absurd." *Id.* (citation modified). The statute's language is clear.

While the entity needs to have been deemed an employee of the PHS for the year, that fact is necessary but not sufficient. 42 U.S.C. § 233(*l*)(1). The statute goes on to explain that the Attorney General is to notify the state court if the health center is deemed to be a PHS employee "with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id.* A health center is deemed to be a PHS employee only with respect to actions for damages "resulting from the performance of medical, surgical, dental, or related functions." *Id.* § 233(a). So, § 233(*l*)(1) asks the Attorney General to notify the state court as to whether the defendant was deemed to be a PHS employee during the relevant time period *and* whether the complaint arises from the performance of services listed in § 233(a).[5] *Id.* § 233(*l*)(1); *see also Blumberger*, 115 F.4th at 1130 (reaching this conclusion). The statute calls for a case-specific deeming determination.

Here, the Attorney General's notice satisfied § 233(*l*)(1). Contrary to CentroMed's assertions on appeal, the record obviates any issues related to the timing of the Attorney General's notice.[6] Further, though the Attorney

_____

[5] This is what § 233(*l*)(1) requires at a minimum. This case does not concern other issues that may be presented by the statute's "acts or omissions" language. *See, e.g.*, *Blumberger v. Tilley*, 115 F.4th at 1145 (Desai, J., dissenting in part) (discussing that, although the majority opinion concluded that "acts or omissions" refers "to whether the conduct alleged in the lawsuit involves 'medical, surgical, dental, or related functions,'" that language should extend to the other components of § 233 coverage such as whether the employee was "providing services that relate to the health center's grant-funded activities; treating the health center's patients unless certain criteria are met; and acting within the scope of their employment"). Because these other issues are not presented here, we need not reach them.

[6] CentroMed also takes issue with the timing of the Attorney General's notice to the state court. Not all circuit courts to address this issue have agreed on what the Attorney

No. 25-50092

General initially informed the state court that HHS had not yet made the case-specific deeming determination, the record clarifies that, via a subsequent notice filed 15 days after receiving notice of the petition, the Attorney General notified the state court that it would not intervene because CentroMed "was not deemed to be a [PHS] employee for purposes of the acts or omissions giving rise to the suit and that this action therefore [was] not subject to the provisions of 42 U.S.C. § 233." The Attorney General explained that the United States had determined that the claims resulting from a criminal data breach did not fall within § 233(a)'s scope because the claims were not for medical malpractice of the type that the statute is intended to cover. The Attorney General's reply in the negative is precisely the sort of case-specific deeming determination that § 233(*l*)(1) requires.

We conclude that the Attorney General's negative reply complied with and satisfied § 233(*l*)(1), and the Attorney General was not required to agree that this action can be removed.

--------------------

General must do within 15 days. *Compare Allen v. Christenberry*, 327 F.3d 1290, 1295 (11th Cir. 2003) (Attorney General may appear within 15 days and state that the case-specific deeming determination has yet to be made), *and Doe v. Centerville Clinics Inc.*, No. 23-2738, 2024 WL 3666164, at *2 (3d Cir. Aug. 6, 2024) (same), *cert. denied*, 145 S. Ct. 1427 (2025), *reh'g denied*, 145 S. Ct. 2726 (2025), *with Blumberger*, 115 F.4th at 1133 (Attorney General must appear and give the required advice within 15 days). But we need not wade into this debate. Although CentroMed has argued that the Attorney General's supplemental notice informing the state court of the case-specific deeming determination occurred outside the 15-day time period, the record demonstrates otherwise. CentroMed's assertion otherwise relies on a copy of the notice that bears a generic document stamp. As the United States explained in a letter to the court, the stamp on which CentroMed relies does not appear to have been applied by the state-court clerk's office. Instead, the state-court docket clarifies that the notice was filed on July 23, 2024, and a file stamped copy of the notice appears in the record, clarifying that the Attorney General's supplemental notice was filed on July 23, 2024—within 15 days of the Attorney General's notice of the action.

9

No. 25-50092

### 2.    *CentroMed was not permitted to remove under § 233(l)(2)*

We must now determine whether CentroMed was permitted to remove this action under § 233(*l*)(2).

The statute explains that "[i]f the Attorney General fails to appear in State court within the time period prescribed under paragraph (1)"—15 days—"upon petition of any entity . . ., the civil action or proceeding shall be removed." 42 U.S.C. § 233(*l*)(2). This text makes plain that removal is permitted only when the Attorney General does not appear as the statute requires.[7]

CentroMed cannot demonstrate that its removal was proper under § 233(*l*)(2). CentroMed's arguments in support of removal all depend on its contention that the Attorney General, for one reason or another, failed to comply with § 233. But as noted above, the Attorney General complied with § 233(*l*)(1). The Attorney General provided the notice required by § 233(*l*)(1) within the required time frame. As a result, CentroMed was not permitted to remove under § 233(*l*)(2).

Because the text is clear, the presumption that executive determinations are subject to judicial review is inapplicable. The "strong presumption" "that executive determinations generally are subject to judicial review" applies "when a statutory provision is reasonably susceptible to divergent interpretation." *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020) (citation modified). But here, the statute's text is clear. Congress intended that the case-specific deeming determination be made by

---

[7] The Attorney General's appearance and negative reply here plainly prevented CentroMed's removal. As noted above, because the Attorney General appeared and notified the state court of the case-specific deeming determination within 15 days, we need not resolve any issues related to whether the Attorney General's appearance alone prevents removal under § 233(*l*)(2).

No. 25-50092

HHS and the Attorney General. A difference in opinion about that determination does not qualify as grounds for removal. *See El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Hum. Servs.*, 396 F.3d 1265, 1271 (D.C. Cir. 2005) ("A review of the removal remedy under the FSHCAA indicates Congress almost certainly did not intend for the FSHCAA removal provisions of § 233(*l*)(2) to provide a review procedure for a negative deeming determination by the Secretary.").[8]

* * *

CentroMed did not have a right to remove under § 233(*l*)(2) because, within 15 days of receiving notice, the Attorney General appeared in state court and advised the court that CentroMed was not "deemed to be an employee of the [PHS] for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." 42 U.S.C. § 233(*l*)(1); *id.* § 233(*l*)(2). Accordingly, the district court did not err by concluding that CentroMed's removal under § 233(*l*)(2) was improper.

### B.     Removal under 28 U.S.C. § 1442

CentroMed next asserts that its removal was proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). CentroMed contends that its removal was timely because it removed the case within 30 days after the Attorney General filed its first notice in state court. We disagree.

––––––––––––––––––––––––––––––

[8] As an alternative argument, both Gonzalez and the United States contend that this action does not fall into § 233(a)'s scope. As a result, they say that the action is inappropriate on § 233 grounds, necessitating remand. But we need not reach this question because we conclude that CentroMed was not entitled to remove this action under § 233(*l*)(2).

No. 25-50092

The § 1446(b)(1) standard is appropriate, requiring removal within 30 days of receipt of the pleading, because the petition "affirmatively reveal[ed] on [its] face the information [CentroMed] needed to invoke federal-officer removal." *Parish of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 368–69 (5th Cir. 2021); *see also Morgan*, 879 F.3d at 607. The petition clearly alleged that CentroMed failed to protect its patients' personal information during the time when CentroMed had been deemed a PHS employee.[9]

Under § 1446(b)(1), CentroMed's removal was untimely. Instead of removing within 30 days, CentroMed removed this action 37 days after it was served with the petition. That was too late. Accordingly, the district court properly determined that CentroMed's removal under the federal officer removal statute was untimely.[10]

## IV.    Conclusion

For the reasons discussed above, we AFFIRM the district court's order of remand.

---

[9] This conclusion is supported by the fact that the Attorney General's state-court filings do not support removal under § 1446(b)(3) because "no aspect of" the removal theory "would have only become apparent" at that time, *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017), and the filing did not "result from the voluntary act of [the] *plaintiff*." *Parish of Plaquemines*, 7 F.4th at 373 (citation modified).

[10] Gonzalez and the United States both alternatively contend that removal under 28 U.S.C. § 1442(a)(1) was substantively improper. Because we conclude that CentroMed's removal was untimely, we need not reach these alternative arguments.